**Opinion filed June 15, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00010-CV

_____

## IN THE INTEREST OF J.S., A CHILD

---

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. CV2146081**

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother to her two-year-old son, J.S.[1]  On appeal, Appellant presents five issues in which she challenges the sufficiency of the evidence to support the trial court's findings.  We affirm the trial court's order of termination.

---

[1] The trial court also terminated the parental rights of the unknown father of the child.  No appeal has been filed on behalf of the unknown father.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West 2022). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (O), and (P). Specifically, the trial court found that Appellant had (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being, (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, (3) failed to comply with the provisions of a court order that specifically established the actions necessary for Appellant to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal for abuse or neglect, and (4) used a controlled substance in a manner that endangered the child and either failed to complete a substance abuse treatment program or abused a controlled substance after completing such a program. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child.

In her appellate brief, Appellant challenges both the legal and factual sufficiency of the evidence. To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm

belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

### Evidence Presented at Trial

The record shows that the Department of Family and Protective Services became involved with J.S. and his mother in the summer of 2021 as result of drug

use by Appellant. Appellant testified that she was using methamphetamine and marihuana at the time. She testified that both she and J.S., who was approximately fifteen months old at the time, both tested positive for methamphetamine. Appellant was not aware of how J.S. was exposed to methamphetamine. A hair follicle test for Appellant taken in September 2021 indicated that she was positive for amphetamine (2,220 pg/mg), methamphetamine (14,724 pg/mg), and marihuana. Appellant testified that this test result was the result of her relapsing.

After completing some of her required services, the trial court granted a monitored return to Appellant in March 2022 after J.S.'s second birthday. J.S. remained with Appellant until July 2022, living in Abilene in a trailer that was only occupied by Appellant and J.S. Drug tests conducted on both J.S. and Appellant on July 11, 2022 revealed that both of them testified positive for methamphetamine again. The hair follicle test for Appellant indicated that she was positive for amphetamine (639 pg/mg) and methamphetamine (4,567 pg/mg). The hair follicle test for J.S. indicated that he was positive for methamphetamine (32,783 pg/mg). Appellant denied using drugs at this time and she had no idea why she and J.S. tested positive. She opined that maybe her sister had sabotaged her and J.S. because she wanted custody of J.S. Appellant also noted that J.S. was around her family quite a bit during the monitored return. Hair follicle tests collected in November 2022 revealed that J.S. was negative for methamphetamine, but that Appellant continued to test positive.

Appellant testified that J.S. "means everything" to her, and she did not want her parental rights to be terminated. She also noted that she had a good job now, a new house, and a new car. Appellant further testified that she worries about her son

4

because she cannot protect him if he is not in her care. In this regard, she worries about him being in the care of her sister and her husband.

Chelle Whisenhunt-Jordan is a case manager at 2INgage that was assigned to the case in July 2021. She testified that J.S. was removed from the monitored return in July 2022 as a result of the positive drug tests. Whisenhunt-Jordan also testified that, during the Department's involvement with the family, Appellant has had multiple boyfriends, one of which tested positive for methamphetamine. J.S. was placed with a maternal aunt and her husband. Whisenhunt-Jordan testified that J.S. is doing well in their care and that she has no concerns with this placement. Long term, the maternal aunt and her husband would like to adopt J.S. Whisenhunt-Jordan testified that she believes that termination of Appellant's parental rights is in the best interest of the child because of Appellant's inability to maintain sobriety.

The Department asked the trial court to terminate Appellant's parental rights, and to name the Department as the managing conservator of the child while it looked for an adoptive permanent placement. The trial court agreed, noting that "[a] child deserves to reside in a home that's drug free."

*Analysis*

In her first and second issues, Appellant challenges the sufficiency of the evidence to prove grounds (D) and (E). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied);

5

*In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct need not be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.* A parent's drug addiction and its effect on the parent's life and ability to parent a child may establish an endangering course of conduct. *In re J.T.G.*, 121 S.W.3d 117, 125–26 (Tex. App.—Fort Worth 2003, no pet.) (citing *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 84 (Tex. App.—Dallas 1995, no writ)).

Based upon evidence of Appellant's use of illegal drugs, including multiple positive tests for herself and her two-year-child, the trial court could have found by clear and convincing evidence that Appellant had engaged in conduct or knowingly placed J.S. with persons who engaged in conduct that endangered the child's physical or emotional well-being. In addition to affecting her ability to care for J.S., the fact that J.S. also tested positive for methamphetamine is significant because it indicated that it had a direct impact on his life. We hold that the evidence is legally and factually sufficient to uphold the trial court's finding as to Appellant under subsection (E). Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsection (E), we need not reach Appellant's first issue—her challenge to the finding under subsection (D). *See* FAM. § 161.001(b)(1); *In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019); *see also* TEX. R. APP. P. 47.1. For the same reason, we need not consider her third and fourth issues challenging the trial court's findings as to subsections (O) and (P). We overrule Appellant's second issue.

In her fifth issue, Appellant challenges the sufficiency of the evidence to support the trial court's finding that termination of her parental rights would be in

the best interest of J.S. She asserts that the evidence was insufficient to overcome the presumption that it is in a child's best interest to be raised by a parent. She points out the heavy burden on the Department, the loving relationship that she and J.S. have, the new home, new car, and good job that she has obtained, that she is continuing to work her family service plan, and that she completed numerous parenting classes and courses. Appellant also asserts that the Department presented little to no evidence that termination of her parental rights would be in J.S.'s best interest.

While the record does show that Appellant and J.S. had a close relationship, it also shows that the child tested positive for methamphetamine, the second occasion occurring during a monitored return to Appellant's care. *See In re J.F.-G*, 627 S.W.3d 304, 316–17 (Tex. 2021) (a parent's short-term positive behavior "does not nullify earlier endangering conduct such that the trier of fact must set the earlier conduct aside."); *In re J.O.A.*, 283 S.W.3d at 346 (evidence of positive conduct "does not conclusively negate the probative value of a long history of drug use and irresponsible choices."). While Appellant denied using drugs during the monitored return, the second positive test for her and J.S. shows that, at a minimum, J.S. was in an environment where methamphetamine was present. J.S. had been placed with his maternal aunt and her husband and he was doing very well there.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. The trial court stated as follows at the conclusion of trial: "This child needs a safe, appropriate, drug-free, safe home environment and [Appellant] is unable to demonstrate to this Court that she can provide that." Giving due deference to the trial court, we hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or

conviction that termination of Appellant's parental rights would be in J.S.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the child's desires (K.S. was too young to express any desire), the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's use of methamphetamine, and the stability of the placement, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of the child. *See id.* We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. We overrule Appellant's fifth issue.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE

June 15, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.